IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                                                    PLAINTIFF

V.                              NO.  2:11-CR-20008

SHARON JEANNETTE HENNINGSEN
and TIMOTHY SHAWN DONAVAN
                                                                                                 DEFENDANT

O R D E R

The Defendants appeared before the court on December 27, 2011 pursuant to a Notice of Hearing (ECF No. 32) for a Status Hearing to determine there attorney status.

**Background:**

An Indictment (ECF No. 1) was handed down by the Grand Jury on February 24, 2011charging the Defendants with 15 counts of a violation of Title 18 U.S.C. §§ 1341 and 2.

The Defendants were arrested in the Western District of Washington and Initially Appeared in the Tacoma Division on December 1, 2011 (ECF No. 19).  Both Defendants were appointed attorneys (ECF No. 19-1) and were released on bond.  Both appeared in the Western District of Arkansas on December 8, 2011 and were Arraigned and released on bond.  (ECF No. 22).

At the Arraignment both Defendant's indicated that they would represent themselves but that they may hire an attorney.  A condition of the bond release was that the Defendants were to report to the court within 10 days of whether they had hired an attorney or intended to pursue representing themselves.

The Court entered a Pretrial Scheduling Order on December 8, 2011 setting the case for trial on January 19, 2012.

The court received no notice from the Defendants on December 18, 2011 and on December 20, 2011 the court issued a Notice of a Hearing to determine if the Defendants intended to represent themselves or would accept court appointed counsel.

On the day of the hearing the Defendants tendered to the court a "Notice: Forgive Me Request; Constructive Notice of Conditional Acceptance and Request to Continue Public Proceedings". (Defendant's Exhibit 1). The Notice was in essence a Motion to Continue the pending case for 80 days.

At the hearing and in their Notice the Defendants stated that they were appearing as "Authorized Representatives for the Secured Party Creditor having a security interest in the collateral belonging to the Debtor-Defendant, SHARON JEANNETTE HENNINGSEN AND TIMOTHY SHAWN DONAVAN, and also accommodation parties, hereinafter, "Offerees". The Offerees are in receipt of INDICTMENT a copy attached hereto and incorporated herein as if full reproduced herein as "Exhibit 1" dated February 24, 2011 in Case # 2:11-CR-20008, hereinafter "offer", from UNITED STATES OF AMERICA via M.W. FLEMING, Assistant United States Attorney, U.S. Attorney's Office..., hereinafter 'Offerer'".

The Defendants acknowledge that they were willing to accept appointed counsel but they felt that the appointed counsel should "hold them harmless" for anything they suffered. The court explained to the Defendants that the attorneys would not hold them harmless for any time of incarceration, fine or cost assessed by the court if the Defendants are found guilty.

The court notes that no response to the PSO had been made by the Defendants. It also appears that the Government had filed a Motion to Take Depositions which had not been responded to by the Defendants.

**Discussion:**

"A defendant who wishes to waive his right to counsel, and thereby to proceed pro se, must do so clearly and unequivocally." *United States v. Webster*, 84 F.3d 1056, 1062 (8th Cir.1996). A defendant must knowingly and intelligently choose self-representation after being made aware of the "dangers and disadvantages of self-representation." *Reese v. Nix*, 942 F.2d 1276, 1280 (8th Cir.1991) (quoting *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). Courts must be cautious in this area because:

> The tension created by the mutual exclusivity of the right to counsel and the right to self-representation places a trial court in a precarious position. If it grants a request for self-representation, the defendant can argue on appeal that [he] did not knowingly and intelligently waive [his] right to counsel.

Reese, 942 F.2d at 1280.

In this case the court has concern over the competency of the Defendants to represent themselves due to the disregard of the court's prior order, the documents that have been filed with the court and the Defendant's arguments presented in court. While the Defendants have made some unequivocal statements that they want to represent themselves they have made contradictory statements that they would hire an attorney or accept appointed counsel on certain conditions. The "unequivocal" nature of their desire to represent themselves remains an issue.

**Conclusion:**

The court has previously determined that the Defendants qualify for appointed counsel and they have had no change in circumstances since that determination. The court will provisionally appoint Mr. James Pierce to represent TIMOTHY SHAWN DONAVAN and Mr. Kevin Hickey to represent SHARON JEANNETTE HENNINGSEN. The court has ordered the Defendants to confer with the provisionally appointed counsel to determine if they desire their

services or wish to proceed pro se. These appointments are made without prejudice to the Defendant's making a request to the District Judge, the Honorable P.K. Holmes III for the right to represent themselves at any further preliminary stage or the trial in this matter. Any such request to proceed with self-representation should be filed within 10 days.

    The Defendants' Motion to Continue for 80 days is DENIED.

    IT IS SO ORDERED this December 28, 2011.

                              /s/ J. Marschewski
                              HONORABLE JAMES R. MARSCHEWSKI
                              Chief United States Magistrate Judge