IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                           Case No. 2:11-cr-20008-001 and 002

SHARON JEANNETTE HENNINGSEN; and
TIMOTHY SHAWN DONAVAN                                                            DEFENDANTS

**O R D E R**

The Court held a hearing on April 12, 2012 in the above-captioned case at which both Defendant Henningsen and Defendant Donovan were present, appearing *pro se*. Assistant U.S. Attorney Kyra Jenner was also present for the government. During the hearing, the issues outlined below were discussed. To the extent this Order differs from any oral statements of the Court at the hearing, the language of this Order controls.

At the hearing, AUSA Jenner informed the Court that the government's discovery materials were voluminous, consisting of thousands of documents, such that it would be impracticable to provide defendants with hard copies of all the materials. AUSA Jenner stated, however, that the materials could be made available to the *pro se* Defendants via use of an external hard drive, containing the discovery documents in the government's possession. AUSA Jenner represented that such hard drive was currently being mailed to the U.S. Attorney's office in Fort Smith, and should be available by Monday, April 16, 2012. The Court has consulted with the U.S. Marshals office and the Court's technical adviser and has been informed that a secure location and laptops could be made available at the courthouse in order for the Defendants to securely access the discovery materials, as Defendants would not be able to access the materials in the location where they are currently incarcerated. The Court has also been assured that Defendants' access to the materials can be

conducted in such a way that any work product generated will be kept confidential, such that the government will not know which documents were accessed.

The Court, THEREFORE DIRECTS the U.S. Marshals, beginning the week of April 16, 2012, to transport Defendant Henningsen and Defendant Donovan, either separately or together, to the Fort Smith Federal Courthouse three days a week for two hours each day so that Defendants can access the above-mentioned discovery materials to be provided by the government on a hard drive. The Marshals may transport Defendants for these two hour sessions at their convenience, provided the sessions must occur between the hours of 8:00 a.m. and 12:00 p.m., Monday through Friday. During the time Defendants are at the Courthouse, they will be under the constant supervision of the U.S. Marshals. Defendants will be provided with equipment for the very limited purpose of accessing discovery materials. Defendants will also be able to print discovery documents during this time should they so choose.

Because the Court cannot know at this time whether six hours a week will be adequate time to allow Defendants to review the discovery materials in preparation for trial scheduled for the week of May 14, 2012, should Defendants determine that they need more time to review the materials on the hard drive, they are DIRECTED to make a request to the Marshals. The Marshals are, in turn, DIRECTED to inform the Court of any request so made. The Court will take into consideration any such requests and may amend this Order as needed.

The government is ORDERED to provide the Court with the hard drive containing discovery materials as soon as it becomes available.

Defendants were previously ordered to undergo psychological evaluations. The Court has since received the written reports resulting from those evaluations and copies were provided to Defendants. Defendants were found to be competent to stand trial as well as competent to represent

themselves at trial. At the April 12 hearing, the Court found, as a result of these evaluations, that Defendants were competent to stand trial and to represent themselves at trial. Defendants were informed, however, that their right to proceed *pro se* was not absolute. In particular, Defendants were advised that if either Defendant persists in refusing to obey any directions or rules of the Court or in injecting extraneous and irrelevant matter into the record, the Court could direct standby counsel to take over representation of that Defendant. *United States v. Dougherty*, 473 F.2d 1113 (D.C. Cir. 1972); *United States v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973); *United States v. Anderson*, 577 F.2d 258 (5th Cir. 1978); *United States v. Brock*, 159 F.3d 1077 (7th Cir. 1998).

Because Defendants have a history of being non-responsive to the Court's directions and injecting extraneous and irrelevant material into the record, the Court informed Defendants that it was appointing stand-by counsel. As stated at the hearing, the Court APPOINTS Federal Public Defender James Pierce as standby counsel for Defendant Donovan. The Court APPOINTS Kevin Hickey as standby counsel for Defendant Henningsen. Standby counsel are directed not to interfere with Defendants' preparation of their own defense and will not be expected to assist in Defendants' preparation of their defense unless and until the Court orders either or both to take over representation for their respective Defendant. While Defendants have persistently refused counsel, should either Defendant request that counsel be provided, standby counsel will be directed to take over representation at that time. Likewise, should Defendants persist in refusing to obey Court directions or in injecting extraneous or irrelevant material, either prior to or at trial, standby counsel will be directed to take over representation.

In preparation for trial of this matter, scheduled for the week of May 14, 2012, and because Defendants are proceeding *pro se* at this time, the government is ORDERED to provide Defendants with any *Brady, Giglio,* or *Jencks* material, as well as copies of all proposed trial exhibits in advance

of trial.  *Jencks* material should be provided ten days in advance of trial.  The government is further ORDERED to provide copies of such materials to standby counsel, as well as to provide standby counsel with access to all discovery materials.

The Marshals are DIRECTED to deliver a copy of this Order to each Defendant.

IT IS SO ORDERED this 13th day of April, 2012.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE