IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                  Case No. 2:11-cr-20008-001 and 002

SHARON JEANNETTE HENNINGSEN; and
TIMOTHY SHAWN DONAVAN                                                              DEFENDANTS

**O R D E R**

Currently before the Court are the Defendant, Timothy Shawn Dovavan's, Motion *in Limine* to exclude the testimony of the Government's expert witnesses (Doc. 91); the Defendant, Sharon Jennette Henningsen's, Motion *in Limine* to exclude the testimony of the Government's expert witnesses (Doc. 93); and the Government's Response to the motions with supporting document (Doc. 95). The Government has designated two expert witnesses by the filing of two notices pursuant to Fed. R. Crim. P. 16(a)(1)(G). (Docs. 75 &76).

The Defendants move to exclude the testimony of the expert witnesses on the grounds that the testimony will not assist the trier of fact in understanding the evidence because the average person can understand the allegations of fraud the government is attempting to prove. The Defendants also contend that the proposed expert testimony concerns the ultimate issue in the Government's case, and such evidence is not admissible under Fed. R. Evid. 704(b). The Government responds that expert testimony is needed for the jury to understand the Defendants' scheme to defraud, because it is partly based on postal rules and regulations not commonly comprehended by lay persons, and that Defendants' manner and means of carrying out the scheme to defraud is based on universal practices in envelope stuffing schemes. Further, the Government states that the expert witnesses will not testify as to the Defendants' *mens rea* or offer an opinion that the envelope stuffing scheme itself

is fraudulent.

Expert testimony is admissible in a criminal case if the testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The decision concerning the admissibility of expert testimony is within the broad discretion of the trial court. *United States v. Anderson*, 446 F.3d 870, 874 (8thCir. 2006). The Government has provided reports from its proposed expert witnesses that summarizes their expert testimony. The expert testimony of John D. Lochala concerns postal rules and regulations as they relate to documents the Defendants used in the alleged scheme to defraud. The expert testimony of John D. Butler concerns universal practices used in envelope stuffing schemes, and how those practices furthered the alleged scheme to defraud. Because the scheme to defraud as alleged in the superseding indictment is complex and extensive, the Court finds that the proposed expert testimony will assist the trier of fact in understanding the evidence in this case.

The Government states that neither expert witness will offer an opinion as to the Defendants' *mens rea*, nor will they testify that the envelope stuffing scheme was fraudulent. *See Fed. R. Evid. 704(b)* (excluding opinion regarding defendant's mental state that constitutes element of the crime charged). *United States v. Gipson*, 862 F.2d 714, 716 (8th Cir. 1988).

IT IS THEREFORE ORDERED that the Motions *in Limine* (Docs. 91 &93) are DENIED.

DATED this 7th day of June, 2012.

*s/P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE