IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 2:11-cr-20008-001 and 002

SHARON JEANNETTE HENNINGSEN; and
TIMOTHY SHAWN DONAVAN                                                      DEFENDANTS

## PRELIMINARY ORDER OF FORFEITURE

As alleged in the superseding indictment (Doc. 56), the United States sought forfeiture of any property of the defendants, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property constituting, or derived from, proceeds of the offenses alleged in the superseding indictment. The United States filed a Bill of Particulars for Forfeiture of Property (Doc. 94) in which it identified specific real property it sought to forfeit.

On June 14, 2012, the defendants, Sharon Jeannette Henningsen and Timothy Shawn Donavan, were both found guilty of one count of conspiracy to commit mail fraud and eighteen counts of mail fraud. By virtue of said guilty convictions, the United States is entitled to possession of seized property, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

On June 20, 2012, the Court held a forfeiture hearing in which the parties were permitted to present evidence and arguments regarding the forfeiture allegation in the superseding indictment. Based on both the evidence presented during trial and the arguments and evidence presented at the forfeiture hearing, the Court finds that the Government has established the requisite nexus between the property sought to be forfeited and the offenses charged – specifically, that proceeds traceable to Defendants' commission of mail fraud and their mail fraud conspiracy were used by Defendants

to pay two mortgages encumbering the real property sought to be forfeited during the time charged in the superseding indictment.

Accordingly, it is hereby ORDERED, DECREED and ADJUDGED:

1. That based upon the defendants' convictions on counts one through and including nineteen of the superseding indictment, and the forfeiture allegation contained therein, the United States is hereby authorized to seize the real property located at 4018 Blue Hole Road, Rudy, Arkansas described as:

Part of the Northwest Quarter of the Southwest Quarter of Section 28, Township 10 North, Range 31 West, Crawford County, Arkansas, being more particularly described as follows: Commencing at an existing stone marking the Northeast corner of the Northwest Quarter of the Southwest Quarter; thence along the North line of said Forty, North 85 degrees 42 minutes 46 seconds West, 75.00 feet; thence leaving said North line, South 06 degrees 53 minutes 36 seconds West, 33.45 feet to an existing rebar and the point of beginning; thence South 07 degrees 44 minutes 23 seconds West, 617.74 feet to an existing iron pin; thence North 86 degrees 05 minutes 38 seconds West, 1187.95 feet to an existing rebar on the West line of the Northwest Quarter of the Southwest Quarter; thence along the West line of said Forty, North 02 degrees 04 minutes 04 seconds East, 658.43 feet to an existing rebar marking the Northwest corner of the Northwest Quarter of the Southwest Quarter; thence along the North line of said Forty, South 85 degrees 42 minutes 46 seconds East, 255.00 feet to an existing rebar with cap; thence leaving said North line, South 82 degrees 23 minutes 53 seconds East, 130.87 feet to an existing rebar and a fence corner; thence South 76 degrees 18 minutes 53 seconds East, 304.50 feet to an existing rebar and a fence corner; thence South 88 degrees 08 minutes 03 seconds East, 565.06 feet to the point of beginning, according to Survey by Satterfield Land Surveyors P.A., dated June 22, 2006, Job # 33, 531. Subject to road rights-of-way and any easements of record.

2. The United States shall publish notice of this Order, pursuant to 18 U.S.C. § 982 (b)(1) and 21 U.S.C. § 853 (n)(1).

3. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to Federal Rules of Criminal Procedure, Rule 32.2(c); 18 U.S.C. § 982 (b)(1); and 21 U.S.C. § 853(n), in which all interests will be addressed.

IT IS SO ORDERED this 20th day of June, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE